

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

EAG/AL
F.#2010R00153

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 1, 2012

By Hand Delivery and ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Joseph Carna
            Criminal Docket No. 11-30 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for March 7, 2012. For the reasons set forth below, the government respectfully asks the Court to sentence the defendant within the advisory Guidelines range of 12 to 18 months and to impose a fine within the advisory Guidelines range of $3,000 to $1,000,000.

## Background

      On January 12, 2011, a grand jury in the Eastern District of New York returned an indictment charging the defendant and thirty-eight others with a variety of offenses, including racketeering conspiracy, based on their leadership of, membership in and association with the Colombo organized crime family of La Cosa Nostra (the "Colombo family" and "LCN," respectively). (Docket Entry No. 1.)

      The defendant was a captain in the Colombo family. (Presentence Investigation Report ("PSR") ¶ 15.) In each of Counts Fifteen and Sixteen of the indictment, he was charged with a money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). (Docket Entry No. 1 ¶¶ 205-06.) The defendant was also charged in Count One with racketeering conspiracy, in violation of 18 U.S.C. § 1962, including as racketeering acts the two money laundering conspiracies charged in Counts Fifteen and Sixteen. (Id. ¶¶ 55-56.)

On January 20, 2011, the indictment was unsealed and the defendant was arrested. (Docket Entry Nos. 2, 104.) On June 15, 2011, the defendant pled guilty, pursuant to a plea agreement, to Counts Fifteen and Sixteen. (Docket Entry No. 438; PSR ¶ 1.)

## Discussion

I. Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 125 S. Ct. 738, 764-65 (2005). However, the Supreme Court held in Booker that the sentencing court must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the district court] may not presume that the Guidelines range is reasonable. [The district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

II. The Guidelines Range Is 12 to 18 Months

The Probation Department has determined that the total offense level is 15, the defendant is in Criminal History category I, and the advisory Guidelines range of imprisonment is 18 to 24 months. (PSR ¶¶ 19-43, 107.) The defendant does not object to this determination, except that the defendant seeks a two-level reduction in the offense level based on a global disposition. (Def.'s Stg. Mem. (Docket Entry No. 696) at 1.) The government is prepared to move for that two-level reduction, pursuant to U.S.S.G. § 5K2.0. Therefore, the total offense level should be 13 and the advisory Guidelines range of imprisonment should be 12 to 18 months.

III. A Sentence Within the Guidelines Range Is Appropriate In This Case

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

    A.    The Natures and Circumstances of the Offenses

The defendant has been convicted of two counts of money laundering conspiracy. In both conspiracies, the laundered money was derived from illegal businesses connected to the Colombo family. In particular, Count Fifteen involved the laundering of money generated by Colombo family associate Roger Califano's lucrative illegal gambling business, and Count Sixteen involved the laundering of money generated by the illegal gambling business of the cousin of a Colombo family soldier. (PSR ¶¶ 10-14.) In both conspiracies, the laundering took the form of "tribute" payments to senior members of the Colombo family, such as the defendant, in exchange for their allowing the gambling businesses to operate without interference. (Id.) These are serious crimes that warrant a serious punishment. 18 U.S.C. § 3553(a)(1).

The Colombo family is a dangerous criminal enterprise that uses violence, including murder, to further its interests. (PSR ¶¶ 7-9.) The defendant's membership in and leadership of the Colombo family demonstrate his commitment to its violent goals. Indeed, Carna received tribute payments from the illegal gambling businesses in exchange for a promise to provide "protection." For example, if another gambling business were to encroach on the businesses of those who paid tribute money to Carna and others in the Colombo family, members and associates of the Colombo family, like the defendant, would use the violent reputation of the Colombo family to ensure that the rival business operated elsewhere. In addition, if a gambling customer of one of the businesses that paid tribute money to the Colombo family were to fail to timely pay a gambling loss, members and associates of the Colombo family, like the defendant, would use the violent reputation of the Colombo family, and engage in violence if necessary, to ensure that the customer made good on his debt.

The defendant argues that he is less culpable than co-defendant Roger Califano, who operated the gambling business that was the source of the funds laundered as charged in Count Fifteen, and notes that Califano's sentence of 16 months was lower than the applicable Guidelines range of 24 to 30 months.

(Def.'s Stg Mem. (Docket Entry No. 696) at 5.)  That argument is unavailing.  The defendant and Carna are hardly similarly situated.  As an initial matter, the defendant conspired to launder the proceeds of not only Califano's illegal gambling business, but also of a second illegal gambling business.  His relative culpability as compared to Califano is therefore not dispositive, because it incorrectly assumes that Califano's business was the only source of the defendant's illegal income.  More importantly, because the defendant was a Colombo family captain who led a crew in the Colombo family and who received "tribute" payments as a result of his superior position in the family, he is far more culpable than an associate like Califano.  The defendant should be held accountable for his role in allowing these businesses to exist, and should not be rewarded for being senior enough in the Colombo family to profit from those businesses without operating them day-to-day.

Based on the foregoing, the nature and circumstances of the offense support a sentence within the advisory Guidelines range, and, in addition, sentencing the defendant within the advisory Guidelines range would create no unwarranted disparity between the defendant and Califano.  (Id. at 5 (citing 18 U.S.C. § 3553(a)(2).)

B.   The Defendant's History and Characteristics

The defendant's history and characteristics also support the imposition of a sentence within the Guidelines range.  18 U.S.C. § 3553(a)(1).  The defendant has been an associate or member of the Colombo family for over 30 years and, at the time of his arrest, held the position of captain.  In addition, although the defendant is in Criminal History Category I, he has four prior convictions, including one for assault and one for possession of gambling records, dating back to 1959.  (PSR ¶¶ 35-42.)  Finally, and as noted above, the defendant has recently conspired to launder money for, and has profited from, illegal gambling businesses operated under the auspices of the Colombo family.  These facts demonstrate that the defendant has made a lifelong commitment to a life of crime.  The government respectfully submits that the defendant's history and characteristics therefore indicate that a sentence within the advisory Guidelines range is appropriate in this case.

      C.     Reflecting the Seriousness of the Offense, Promoting Respect for the Law and Providing Just Punishment

A sentencing within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and provide just punishment. 18 U.S.C. § 3553(a)(2)(A). The defendant's offenses are serious crimes that are critical to the success of organized crime families and that merit a serious punishment. In addition, by engaging in a life of crime under the auspices of the Colombo family -- after he has been convicted four times -- and by undertaking a leadership role within the Colombo family, the defendant has demonstrated that he has little respect for the law. A sentence below the advisory Guidelines range would therefore be insufficient to serve these important purposes of sentencing.

      D.     Affording Deterrence and Protecting the Public

It is clear, based on the facts set forth above, that a sentence within the advisory Guidelines range is necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(B) and (C). "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010). Both considerations support a Guidelines sentence.

The defendant's prior arrests and convictions did not serve the purpose of specific deterrence. Moreover, the instant arrest and guilty plea apparently have not served the purpose of specific deterrence. Notwithstanding an unequivocal condition of the defendant's bail that he have no contact with members or associates of the Colombo family, the defendant attended a meeting with other high-ranking members of the Colombo family in November 2011. On a consensual recording made on Monday, November 14, 2011, Thomas Farese, a longtime member of the Colombo family who then resided in Florida and who had recently been elevated to a position on the Colombo family administration, advised a cooperating witness (the "CW") that "on Friday," Farese had met "Lollipops," a reference the CW understood to mean the defendant; Luca Dimattea, then an acting captain in the Colombo family; and "Sal," a reference the CW understood to mean Salvatore "Sally Boy" Castagno, a member of the Colombo family. Travel records for Farese confirm that Farese traveled to Red Bank, New Jersey between Thursday, November 3, 2011, and Saturday, November 5, 2011. Accordingly, a sentence within the

advisory Guidelines range is warranted to serve the goals of specific deterrence.

In addition, a sentence within the advisory Guidelines range is necessary in order to deter others who, like the defendant, are in a position to choose between a law-abiding life and a life of crime. At a July 2009 sentencing of a Colombo family captain, the Honorable Jack B. Weinstein imposed a sentence of 120 months, and observed the following:

> I believe that under these circumstances, ten years is a sentence that is appropriate, not too long, not too great, and anything less would not send a message. The people, the youngsters in this city have to understand that they cannot join this organization and that when they do they destroy their lives.

United States v. Uvino, 07 CR 725 (JBW). Although in this case the government is not seeking a sentence nearly as severe, the government respectfully submits that a sentence within the advisory Guidelines range is necessary to deter people in the defendant's position, as well as younger people who may aspire to the defendant's position, from committing crimes and from joining organized crime families.

IV. A Fine Within the Guidelines Range Is Warranted

The government also asks the Court to impose a fine. Section 5E1.2(a) of the Guidelines provides that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." In this case, because the adjusted offense level is 13, the advisory Guideline range calls for a fine between $3,000 and $1,000,000, U.S.S.G. § 5E1.2(c)(3) & (4), and the defendant has not established that he is unable to pay a fine. (PSR ¶ 105.)

<u>Conclusion</u>

For all of the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 12 to 18 months and a fine within the advisory Guidelines range of $3,000 to $1,000,000.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:     /s/
Elizabeth A. Geddes
Allon Lifshitz
Assistant U.S. Attorneys
(718) 254-6430/6164

cc: Clerk of the Court (KAM) (by ECF)
    Jeremy Gutman, Esq. (by ECF)
    Michelle Espinoza, Senior U.S. Probation Officer (by email)